UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No 06-CV-1512 (JFB)(ARL)

KENNETH H. FEINSTEIN,

Plaintiff,

VERSUS

THE CHASE MANHATTAN BANK, SAN DIEGO; ITS ASSIGNEES LASALLE BANK; and PROVIDENT BANK, CINCINNATI; JOHN AND JANE DOE,

Defendants.

Memorandum and Order
April 4, 2006

JOSEPH F. BIANCO, District Judge:

On April 3, 2005, plaintiff, Kenneth H. Feinstein ("Feinstein"), appearing *pro se,* filed a Complaint and an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. Plaintiff seeks to stop defendants' foreclosure sale of property located at 52 Midwood Road, Rockville Centre, New York (the "Property") scheduled to occur on April 5, 2005. (Compl. at 2.) Plaintiff paid the statutory filing fee to commence this action. For the reasons that follow, plaintiff's complaint is dismissed. Further, the Court cannot consider plaintiff's request for a preliminary injunction or temporary restraining order as this Court lacks subject matter jurisdiction over this action.

I. BACKGROUND

An action to foreclose the Property was brought in New York Supreme Court. *See Lasalle Bank National Association, Trustee v. Feinstein et al.*, Index No. 8175/2005 (attached to Complaint). On January 6, 2006, the state court granted Lasalle Bank's motion for summary judgment and ordered that the matter be referred to a Referee for a report on the amount due to Lasalle Bank and that "on filing of the Referee's Report and confirmation thereof, [Lasalle Bank] shall have final judgment of foreclosure and sale, and for all costs, disbursements and allowances as allowed by law." According to Feinstein, his "home will be sold on the

steps of the Courthouse, in Mineola" on April 5, 2006. (Compl. at 2.)

In ruling in Lasalle's favor, the state court found that Feinstein had executed a note and a mortgage to The Provident Bank d/b/a PCFS Mortgage Resources for the sum of $446,000.00 on April 23, 2004. *Lasalle Bank v. Feinstein*, at 2. On May 5, 2004, the mortgage was assigned to Lasalle Bank, which plaintiff describes in a handwritten attachment to his complaint as "a component of the Chase Manhattan bank." *Id.*; (Compl. at 6(a).) The state court also found that Feinstein failed to pay the installments as provided for in the note and mortgage, and failed to provide the court with any triable issues of fact regarding his non-payment of the installments.

In this action, plaintiff "requests an appeal" of the state court's decision and an "order enjoining Lasalle Bank from the immediate sale of his home." (Compl. at 2.) Plaintiff alleges "wrongful and malicious fiduciary duty, during the performance at inception of the primary mortgage, with criminal intent to defraud at the behest of a state official and his prior counsel." (*Id.* at 2-3.) Plaintiff further alleges that the mayor of Rockville Centre, New York, the Honorable Eugene Murray, Mr. Dennis Dillon, the former District Attorney of Nassau County, and Senator Alfonse D'Amato "did coerce, arrange and cause said defective mortgage instrument to be affixed" to the Property and conspired to oust him from his home and business for the benefit of Senator D'Amato and that his own attorney was also somehow complicit. (*Id.* at 3-4.) "In essence, this was a continuous ongoing cooperative effort, that over time, has taken the total economy out of a business and home, and put it into Alfonse D'Amato's pocket, to be used as funding for high-level political liquidity, with the full cooperation of the office of The Nassau District Attorney, who provided shelter for his criminal act[.]" (*Id.*)

## II. DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because he is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Plaintiff's *pro se* statues notwithstanding, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, federal courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235, 1244 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also Arbaugh*, ___ U.S.___, 126 S. Ct. at

1244; *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); Fed. R. Civ. P. 12(h)(3).

To the extent plaintiff seeks to overturn the decision of the Supreme Court, the *Rooker-Feldman* doctrine clearly precludes this Court from exercising jurisdiction in this matter. Under the *Rooker-Feldman* doctrine – *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] As the Supreme Court recently held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22 (2005); *Hoblock v. Albany Co. Board of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge Acting Supreme Court Justice Ayers' decision in the foreclosure action, this court lacks jurisdiction to hear this case. *See Storck v. Suffolk County Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("[A]n attempt to appeal the state court's decision . . . would clearly be barred by the *Rooker-Feldman* doctrine"); *Thaler v. Casella*, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (*Rooker-Feldman* "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court.").

Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine. In *Rene v. Citibank, N.A.*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999), plaintiff alleged that the judgment of foreclosure was obtained in violation of 42 U.S.C. § 1983 and the Racketeer and Corrupt Organizations Act (RICO). The Court in holding that it had no authority over the action, noted that "[t]he claims raised . . . implicate the propriety of the state judgment of foreclosure and eviction – the very issues apparently decided by the state court." *Id.*; *see also Parra v. Greenpoint Mortgage Co.*, No. 01 Civ. 2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman); *Dockery v. Cullen & Dyckman*, 90 F. Supp. 2d 233, 236

---

[1] The United States Supreme Court is the only Court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

3

(E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); *Beckford v. Citibank N.A.*, No. 00 Civ. 205, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); *Drew v. Chase Manhattan Bank, N.A.*, No. 95 Civ. 3133 (JGK), 1998 WL 430549 (S.D.N.Y. July 30, 1998) (federal court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud).

### III. CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3). Therefore, the Court cannot consider plaintiff's order to show cause for preliminary injunction and restraining order. The Clerk of Court shall close this case and enter judgment. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

United States District

Dated:   April 4, 2006
         Brooklyn, New York